60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert MARQUEZ, Petitioner-Appellant,
v.
Robert FURLONG; Gale Norton, Attorney General of the State
of Colorado, Respondents-Appellants.
 No. 95-1065.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 ORDER AND JUDGMENT[1]
 
 1
 Petitioner Robert Marquez appeals the district court's denial of his 28 U.S.C. 2254 petition for writ of habeas corpus. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 2
 On April 12, 1990, Petitioner broke into a home in Littleton, Colorado intending to steal something he could sell. The owner of the home walked in on Petitioner. Petitioner slashed the owner's hand with a knife and ordered him to surrender his car keys. Petitioner sped away in the owner's car, only to be caught by a deputy sheriff and arrested minutes later.
 
 
 3
 The district attorney charged Petitioner with aggravated robbery, first and second degree burglary, second degree assault, and three habitual criminal counts.[3] Petitioner moved to dismiss the habitual criminal counts, maintaining the supporting prior convictions were unconstitutional. The Colorado district court held Petitioner's collateral challenge to his prior convictions was time-barred under Colo.Rev.Stat. 16-5-402. See Colo.Rev.Stat. 16-5-402 (three-year time limit to collaterally challenge all but class one felonies). The court held Petitioner had not demonstrated "justifiable excuse" or "excusable neglect" for failing to timely challenge his prior convictions, id. at 16-5-402(2), and therefore did not address the merits of Petitioner's challenge. Vol. III at 228-31.
 
 
 4
 At trial, the district court advised Petitioner of his right to testify on his own behalf pursuant to People v. Curtis, 681 P.2d 504 (Colo.1984). See id. at 514-15 (requiring trial court to give Defendant on-the-record advisement of his right to testify to insure waiver is voluntary, intelligent, and knowing). Petitioner waived his right to testify. Thereafter, the jury found Petitioner guilty of aggravated robbery, first and second degree burglary, and second degree assault, and also determined Petitioner had three prior convictions for second degree burglary.[4] As a result, the court sentenced Petitioner to three consecutive terms of life imprisonment pursuant to Colo.Rev.Stat. 16-13-101(2), 16-11-309.
 
 
 5
 Petitioner appealed and contended, inter alia, that: (1) the district court deprived him of his right to testify by giving him a defective and misleading Curtis advisement, and (2) Colo.Rev.Stat. 16-5-402 violated his due process right to challenge an unconstitutional conviction, or, in the alternative, he had "justifiable excuse" for failing to timely challenge his prior convictions. The Colorado Court of Appeals affirmed Petitioner's conviction. Specifically, the court concluded: (1) the district court adequately advised Petitioner of his right to testify pursuant to Curtis, and (2) Petitioner validly waived his right to testify. The court of appeals also concluded 16-5-402 did not violate Petitioner's due process rights, relying on People v. Wiedemer, 852 P.2d 424 (Colo.1993). See Wiedemer, 852 P.2d at 437-38 ( 16-5-402's collateral-attack time limits are reasonable and subject to exception for justifiable excuse; thus, 16-5-402 does not violate the Fourteenth Amendment Due Process clause). The court of appeals upheld the trial court's finding that Petitioner had no "justifiable excuse" for failing to timely challenge his prior convictions. The Colorado Supreme Court denied certiorari.
 
 
 6
 In June 1994, Petitioner filed the instant 28 U.S.C. 2254 petition for writ of habeas corpus asserting the two grounds rejected by the Colorado Court of Appeals. The magistrate judge concluded Petitioner's 2254 petition should be denied because he had not demonstrated the violation of a federal right under either of his contentions. The district court adopted the magistrate's recommendation and denied Petitioner's 2254 habeas petition. This appeal followed.
 
 
 7
 We grant Petitioner's motions for certificate of probable cause and to proceed in forma pauperis. We have reviewed the parties' briefs, the magistrate's recommendation, the district court's order, and the entire record before us. Based upon our review of the record, we find no reversible error and we affirm.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 Persons who are convicted in Colorado of a felony offense and who have three prior felony convictions "shall be adjudged an habitual criminal" and sentenced to life imprisonment. Colo.Rev.Stat. 16-13-101. The information alleged Petitioner had three prior felony convictions for second degree burglary in December 1981, April 1984, and June 1984, respectively
 
 
 [4]
 In Colorado, when habitual criminal charges are brought against a defendant pursuant to Colo.Rev.Stat. 16-13-101, the trial proceedings are bifurcated. In the first hearing, the jury determines whether the defendant is innocent or guilty of the substantive offense charged. Colo.Rev.Stat. 16-13-103(4), (4)(a). If the jury finds the defendant guilty of the substantive offense charged, then a second, separate hearing is held, wherein the jury must decide whether the defendant has been previously convicted as alleged. Id. at 16-13-103(4), (4)(b)